# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SMITH, Minors.

UNPUBLISHED
June 15, 2017

No. 335258
Eaton County Court
Family Division
LC No. 15-19299-NA

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating his parental rights to his two minor daughters under MCL 712A.19b(3)(a)(*ii*) (desertion), (c)(*i*) (conditions of adjudication continue to exist), and (g) (failure to provide proper care and custody).[1] We affirm.

The circuit court assumed jurisdiction over the two minor children in August 2015 based on allegations of abandonment. At that time, the children were living with respondent's father and stepmother, and respondent was living in New York.[2] A supervising investigator for petitioner testified that respondent had not seen or financially supported the children in more than six years. Respondent was not present at the adjudication trial, and his appointed attorney indicated that he had called respondent more than ten times without success. Throughout the proceedings that followed, investigators and foster care workers consistently testified that, despite their attempts to contact respondent by mail, by telephone, and through social media, they had virtually no success in communicating with respondent. Further, on those rare occasions when there was communication between respondent and the Department of Health and Human Services personnel involved in the case, respondent showed no inclination to leave New York, to try to cooperate with reunification services where he was located, or, ultimately, to take custody of the children. At the time of the termination hearing, respondent was admittedly incarcerated as the result of being in arrears in child support in connection with a different child who is not involved in this case. A supplemental petition seeking the termination of his parental

---

[1] The court terminated the parental rights of the children's mother in earlier proceedings. She is not participating in this appeal.

[2] It should be noted that, by the time the termination hearing was held in this matter, respondent's father and stepmother expressed a desire not to have custody of the minor children.

-1-

rights was filed in June 2016, and respondent's parental rights were terminated in September 2016. This appeal followed.

On appeal, respondent argues that the circuit court erred in concluding that termination of his parental rights was warranted under the MCL 712A.19b(3)(a)(*ii*), (c)(*i*), and (g) and in concluding that termination was in the children's best interests. We disagree in both respects.

An appellate court "review[s] for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and . . . the court's decision regarding the child's best interest." *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "Clear error exists when some evidence supports a finding, but a review of the entire record leaves the reviewing court with the definite and firm conviction that the lower court made a mistake." *In re Dearmon*, 303 Mich App 684, 700; 847 NW2d 514 (2014). This Court must defer to the circuit court's special opportunity to observe the witnesses. *Id*.

To terminate parental rights, the circuit court must find clear and convincing evidence of one or more of the statutory grounds set forth in MCL 712A.19b(3). See *In re Olive/Metts*, 297 Mich App 35, 41; 823 NW2d 144 (2012). Again, in this case, the circuit court terminated respondent's parental rights under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), and (g). Those provisions provide as follows:

(a) The child has been deserted under any of the following circumstances:

* * *

(*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

With respect to MCL 712A.19b(3)(a)(*ii*), the term "[d]esertion" can be defined as "[t]he act by which a person abandons and forsakes, without justification, or authorized, a station or

condition of public, social, or family life, renouncing . . . responsibilities and evading . . . duties." *Black's Law Dictionary* (6th ed, 1990). This Court has explained that desertion requires "an intentional or willful act." *In re B & J*, 279 Mich App 12, 18-19 n 3; 756 NW2d 234 (2008). Desertion for purposes of MCL 712A.19b(3)(a)(*ii*) does not necessarily require the intention to desert the children permanently; rather, it requires actual desertion for a period of at least 91 days before the filing of the termination petition. See *In re Laster*, 303 Mich App 485, 492; 845 NW2d 540 (2013).

In this case, we conclude that the circuit court did not err when it found that termination of respondent's parental rights was proper under MCL 712A.19b(3)(a)(*ii*). At the September 2016 termination hearing, a caseworker, who was assigned to this case in August 2015, testified that respondent had not contacted the children in "[a]nywhere from five to closer to eight years." The caseworker also testified that she was largely unsuccessful in attempting to contact respondent, who she described as having "[n]ot really" expressed interest in being involved in the case. The caseworker further testified that respondent never provided support to the children during the time he was involved and suggested that he only showed interest once the termination petition was filed in June 2016. She added that the lack of contact with respondent made it nearly impossible to assess his needs accurately and, ultimately, to provide services. She testified, "I attempted to make contact, but it was never reciprocated. And so for that, I wasn't able to set up services which we were willing to do in New York . . . ." A second caseworker, who was assigned to this case in March 2016, also testified at the termination hearing that, despite her many attempts to contact respondent by mail, by telephone, and through social media, the first time she communicated with him was after the filing of the termination petition. While she did testify that respondent expressed a desire to care for his children, she also testified that respondent made clear that he might not be willing to do so if it interfered with his employment prospects. Therefore, the circuit court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(a)(*ii*).[3]

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The determination of a child's best interests is made on the basis of a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 89; 836 NW2d 182 (2013). Factors to consider include child-parent bonding, parenting skills, the child's need for permanency, stability, and finality, and also how the child's foster home compares with the parent's home. *In re Olive/Metts*, 297 Mich App at 41-42. The circuit court may also consider

---

[3] If we find that the circuit court did not clearly err by concluding that one statutory ground for termination existed, we need not address the additional grounds for termination. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009). In any event, we would note that termination under MCL 712A.19b(3)(c)(*i*) and (g) was appropriate because the record shows that during the 13-month pendency of this case, respondent had not participated in the services offered or made any progress towards gaining suitable employment or housing, and there is nothing in the record that suggests that he was reasonably likely to do so in the future.

the length of time the child was in care, the likelihood that the child could be returned to the parent's home within the foreseeable future, and compliance with the case service plan. *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 64; 874 NW2d 205 (2015). In addition, the court may consider "the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

In this case, we conclude that the circuit court did not err when it found that termination of parental rights were in the children's best interests. The circuit court found that no bond existed between respondent and the children because, as discussed above, the caseworker testified there had been no direct contact between respondent and the children in the last five to eight years. While respondent asserted that he had maintained consistent contact with the children, including calling them every night, the circuit court was at liberty to credit his and the caseworker's credibility as it saw fit. See *In re Dearmon*, 303 Mich App at 700. Additionally, there is nothing in the record to suggest that he has the capacity to provide food, clothing, or medical care to the children during or after his incarceration. Furthermore, according to the caseworker most recently assigned to the case, the children were adjusting to their foster placements and doing well in school, and her opinion that the children would be at risk of imminent harm if placed with respondent supported the circuits court's conclusion that the children's foster placements were "advantageous over any kind of placement the parents—or the father in this case" could provide. While the circuit court acknowledged that the children's respective foster placements kept them apart from each other, it also expressed optimism that petitioner would eventually reunite them. Therefore, we conclude that the circuit court did not clearly err in finding that termination of respondent's parent rights was in the children's best interests.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra